THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Joseph Dickerson       
Appellant.
 
 
 

Appeal From Lexington County
Marc H. Westbrook, Circuit Court Judge

Unpublished Opinion No. 2004-UP-002
Submitted December 15, 2003  Filed 
 January 6, 2004

AFFIRMED

 
 
 
Deputy Chief Attorney Joseph L. Savitz, III, Office 
 of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy 
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles 
 H. Richardson, Senior Assistant Attorney General Norman Mark Rapoport, all of 
 Columbia; and Solicitor Donald V. Meyers, Eleventh Circuit Solicitor's Office, 
 of Lexington, for Respondent.
 
 
 

PER CURIAM:  Joseph Dickerson was convicted 
 of criminal conspiracy and four counts of armed robbery.  Dickerson appeals 
 his conviction, arguing the trial court erred by denying Dickersons motion 
 for mistrial, or alternatively, refusing to grant a new trial after a witness 
 offered testimony which improperly placed Dickersons character in issue.  We 
 affirm [1] pursuant to Rule 220(b)(2), 
 SCACR, and the following authorities: State v. Howard, 296 S.C. 481, 
 483, 374 S.E.2d 284, 285 (1988) (the decision to grant or deny a motion for 
 a mistrial is within the sound discretion of the trial judge and will not be 
 overturned on appeal absent an abuse of discretion amounting to an error of 
 law); State v. Patterson, 337 S.C. 215, 227, 522 S.E.2d 845, 851(Ct.App. 
 1999) ([a] mistrial should only be granted in cases of manifest necessity and 
 with the greatest caution for very plain and obvious reasons.); State v. 
 Council, 335 S.C. 1, 13, 515 S.E.2d 508, 514 (1999) (the moving party has 
 the burden to show not only error, but resulting prejudice);  State v. Kelsey, 
 331 S.C. 50, 70, 502 S.E.2d 63, 73 (1998) ([t]he granting of the motion for 
 a mistrial is an extreme measure which should be taken only where an incident 
 is so grievous that prejudicial effect can be removed in no other way.).  
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCAR.